**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| CLEARPOINT BUSINESS RESOURCES, INC., *et al.*,1 | Case No. 10-12037 |
| Debtors. | (Joint Administration Requested) |

**DECLARATION OF PAUL RACHMUTH IN SUPPORT OF APPLICATION UNDER 11 U.S.C. §§ 327(a) and 1107(b), FED. R. BANKR. P. 2014 & 2016, AND BANKR. D. DEL. L.R. 2014-1 & 2016-1 TO APPROVE THE EMPLOYMENT AND RETENTION OF GERSTEN SAVAGE, LLP AS ATTORNEYS FOR THE DEBTORS**

I, PAUL RACHMUTH, hereby declare as follows under penalty of perjury:

## I.     BACKGROUND

1.      I am an attorney licensed to practice law in the State of New York and have been a member of good standing of the New York Bar since 1996.

2.      I am a partner in the law firm of Gersten Savage, LLP ("Gersten Savage" or the "Firm").  My office address is 600 Lexington Avenue, New York, New York 10022.

3.      Pursuant to §§ 327, 329, 330, and 504 and Bankruptcy Rules 2014(a) and 2016(b), I make this Declaration and Disclosure of Compensation Pursuant to Bankruptcy Rule 2016 and 11 U.S.C. § 329 (the "Declaration") in Support of the Application Under Section 327(a) of the Bankruptcy Code to Approve the Employment and Retention of Gersten Savage as Attorneys for the Debtors (the "Application").

---

[1]      The Debtors, along with the last four digits of their federal tax identification numbers, are: ClearPoint Business Resources, Inc. (4371) and ClearPoint Resources, Inc. (9869). The Debtors' mailing address for purposes of these cases is P.O. Box 3400. Easton, PA.  18045.

## II.      GENERAL STATEMENT

4.      Neither I nor Gersten Savage represent any interest adverse to any of the above-referenced debtors ("ClearPoint" or the "Debtors"), as required by 11 U.S.C. §§ 327(a), 328(a), 329, and 504.  Additionally, we are disinterested persons, as defined by 11 U.S.C. § 101(14).

5.      Except as set forth on Schedule A annexed hereto, neither I, Gersten Savage, nor any partner, counsel, or associate thereof, insofar as I have been able to ascertain, have any connection with ClearPoint or their creditors, the United States Trustee, persons employed in the United States Trustee's office, or any other potential parties-in-interest herein, or their respective attorneys, except as set forth herein.  I do not believe any of these relationships creates an adverse relationship with ClearPoint.

6.      Gersten Savage has approximately 25 attorneys.  Consequently, it is possible that Gersten Savage has "connections" with another attorney or other professional to be involved in these cases.  Gersten Savage may have referred matters to professionals to be involved in these cases or been referred matters by such parties.

1.      Gersten Savage was engaged by ClearPoint on May 7, 2010 to provide advice concerning financial restructuring, pre-bankruptcy and bankruptcy planning.

2.      A copy of Gersten Savage's Retention Agreement (the "Retention Agreement") is annexed hereto as Exhibit 1. Pursuant to the Retention Agreement, Gersten Savage has agreed to cap its fees at $125,000, subject to certain caveats.

7.       In the process of Gersten Savage's representation of ClearPoint, we have become familiar with ClearPoint's business operations and financial affairs and many of the legal issues that will likely arise in the context of these Chapter 11 cases.  If ClearPoint is forced to retain counsel other than Gersten Savage, the Debtors' estates would incur additional expenses and

delays associated with familiarizing new counsel with the intricacies of ClearPoint's financial affairs and business.

### III.    SEARCH AND DISCLOSURE PROCEDURES

8.    Gersten Savage maintains a conflicts database management system (the "System"), which is designed to reveal the potential for conflicts of interest and other connections to existing and former clients. When retained by ClearPoint, we utilized the System to search for potential conflicts of interest and other connections to existing and former clients and other potential parties-in-interest in this case whom Gersten Savage has represented. We searched for connections to the following: (a) ClearPoint; (b) ClearPoint's largest creditors; (c) ClearPoint's secured lenders; (d) ClearPoint's landlord; (e) ClearPoint's utility providers; (f) ClearPoint's litigation counterparties; (g) ClearPoint's directors and officers; (h) ClearPoint's financial advisor; (i) the applicable taxing authorities; and (j) the United States Trustee (collectively the "Potentially Interested Parties").

9.    I have, or one of my partners has, reviewed the results of this conflict search. The System holds no information that would suggest that Gersten Savage is now or has ever been adverse to ClearPoint, or that we have ever represented any parties in interest in matters related to this case or to ClearPoint. All connections between Gersten Savage and the Potentially Interested Parties are set forth on Schedule A, annexed hereto. To the best of my knowledge, information and belief: (i) Gersten Savage does not represent or hold any interest adverse to ClearPoint, their estates, creditors, equity security holders, or affiliates in the matters upon which Gersten Savage is to be engaged; and (iii) Gersten Savage is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required by section 327(a) of the Bankruptcy Code.

10.     Additionally, the proposed employment of Gersten Savage is not prohibited by or improper under Bankruptcy Rule 5002.  I am not related, and to the best of my knowledge, no attorney at the Firm is related, to any United States Bankruptcy Judge or District Court Judge for the District of Delaware or to the United States Trustee for such district or any employee in the office thereof.

11.     The disclosures identified above are based upon all information reasonably available to Gersten Savage at the time of submission of the Application to the Bankruptcy Court for approval.  Gersten Savage will, to the extent necessary, supplement this Declaration as may be required by the Bankruptcy Code and Bankruptcy Rules if and when any other relationships exist or are modified such that further disclosure is required.  Gersten Savage will implement appropriate internal procedures to protect the interests of ClearPoint in connection with the representations and relationships set forth above.

## IV.     COMPENSATION INFORMATION

12.     Prior to the petition date, Gersten Savage received a retainer in the amount of $120,000 for work to be performed by the Firm.  $57,607.50 of the retainer was applied to prepetition invoices prior to the filing of the bankruptcy cases.  Accordingly, Gersten Savage currently holds $62,392.50 as a retainer for this engagement. Accordingly, Gersten Savage was not a creditor of the Debtors when the bankruptcy petitions were filed.  Except as set forth herein, Gersten Savage has never been counsel for the Debtor, or otherwise received payment for services related thereto.

13.     Pursuant to Local Rule 2016-1, all payments received by Gersten Savage for the year prior to the Petition Date are set forth in Schedule B, annexed hereto.

14.     Subject to Court approval, and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules. The Local Rules and any applicable orders of this Court, the Debtors propose to pay Gersten Savage its customary hourly rates in effect from time to time as set forth herein, plus reimbursement of actual, necessary expenses incurred by Gersten Savage on the Debtors' behalf.  The following are Gersten Savage's currently hourly rates for work of this nature:

|                    |                |
| ------------------ | -------------- |
| Partners           | $525 to $650   |
| Associates         | $350 to $450   |
| Paraprofessionals  | $250           |

15.     Consistent with historical firm practice, the hourly rates set forth above are subject to adjustments on January 1st of each year (beginning January 1, 2011) to reflect economic and other conditions (subject to client approval and Court approval, if necessary).

16.     Gersten Savage will comply with the requirements of this Court, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules with respect to fee and expense applications of professionals employed by bankruptcy estates.

17.     No promises have been received by Gersten Savage, nor any partner, counsel, nor associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

18.     Gersten Savage has no agreement with any other entity to share with such entity any compensation received by Gersten Savage in connection with these cases.

19.     I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

Dated: June 23, 2010
       New York, New York

                                        */s/ Paul Rachmuth*
                                        Paul Rachmuth

**SCHEDULE A to the
DECLARATION OF PAUL RACHMUTH IN SUPPORT OF APPLICATION UNDER 11
U.S.C. §§ 327(a) and 1107(b), FED. R. BANKR. P. 2014 & 2016, AND BANKR. D. DEL.
l.R. 2014-1 & 2016-1 TO APPROVE THE EMPLOYMENT AND RETENTION OF
<u>GERSTEN SAVAGE, LLP AS ATTORNEYS FOR THE DEBTORS</u>**

Connections to Potentially Interested Parties:

Gersten Savage has, over the past 3 years, represented ComVest and its affiliate, Commonwealth Associates LP ("Commonwealth"), in other matters unrelated to ClearPoint. Gersten Savage is not currently representing ComVest or Commonwealth on any matters. Gersten Savage's revenue from matters in which it represented ComVest and/or Commonwealth has been less than 5% of Gersten Savage's total annual revenue in each of the past 3 years.

Upon review, we have determined that no potential exists for this prior representation to create a conflict of interest.

**SCHEDULE B to the**
**DECLARATION OF PAUL RACHMUTH IN SUPPORT OF APPLICATION UNDER 11**
**U.S.C. §§ 327(a) and 1107(b), FED. R. BANKR. P. 2014 & 2016, AND BANKR. D. DEL.**
**l.R. 2014-1 & 2016-1 TO APPROVE THE EMPLOYMENT AND RETENTION OF**
**GERSTEN SAVAGE, LLP AS ATTORNEYS FOR THE DEBTORS**

Pursuant to Local Rule 2016-1, the following payments were received by Gersten Savage during the year prior to the Petition Date:

| Date | Payment Amount |
|------|----------------|
| May 11, 2010 | $40,000 |
| June 10, 2010 | $80,000 |
| **TOTAL:** | **$120,000** |